UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-mj-02122-Louis

UNITED STATES OF AMERICA

v.

LUCAS SEDENO RODRIGUEZ,
JOSE LUIS VILLARES, AND
KEINER CICILIA RODRIGUEZ,

**Defendants.**

_____ /



FILED BY ___OG___ D.C.

**Jan 21, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No.

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No.

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No.

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No.

Respectfully submitted,

MICHAEL S. DAVIS
ACTING UNITED STATES ATTORNEY

By:   /s/ Anthony Espino Reynolds
Anthony Espino Reynolds
Assistant United States Attorney
Florida Bar No. 118876
United States Attorney's Office
99 Northeast Fourth Street
Miami, FL 33132-2111
Telephone (305) 961-9389
Facsimile (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America )
v. )
Lucas Sedeno Rodriguez, Jose Luis Villares, and ) Case No. 1:25-mj-02122-Louis
Keiner Cicilia Rodriguez, )
)
)
_____ )
*Defendants.*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 17, 2025__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1324(a)(1)(A)(ii) | Transporting, moving, or attempting to transport or move an alien within the United States |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Luy T. Tran, Special Agent HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: __January 18 2025__

_____
*Judge's signature*

City and state: __Miami, Florida__   Honorable Lauren F. Louis, United States Magisrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Luy Tran, being duly sworn, do hereby depose and state the following:

### INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), in Miami, Florida, and have been so employed since July 2023. I am currently assigned to the Human Smuggling Group, where I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security, including violations of the immigration and customs laws of the United States. Prior to my employment with HSI, I was employed as a Police Officer for The Pentagon under the Department of Defense from 2020 through 2023. I attained my bachelor's degree in criminal justice in 2019 and master's degree in National Security/Homeland Security in 2023. I also served with honor as a Military Police Officer in the United States Army National Guard for 4 years. I have completed the Uniformed Police Training Program, Criminal Investigator Training program, and HSI Special Agent Training Program at the Federal Law Enforcement Training Center regarding proper investigative techniques, including the application for and execution of search, arrest, and seizure warrants, to investigate violations of federal laws including Title 8, United States Code, Sections 1324 and 1326.

2. The statements contained in this affidavit are based upon my own personal knowledge gathered during my participation in this investigation, my previous training and experience, the investigations conducted by other law enforcement officers and agents who have engaged in numerous past investigations involving the transportation of migrants who are unlawfully present in the United States, and upon facts and information from oral and written

reports pertaining to this investigation, which I received directly from other law enforcement officials and employees of HSI. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or law enforcement in this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. I submit this Affidavit in support of a criminal complaint against Lucas SEDENO RODRIGUEZ ("SEDENO RODRIGUEZ"), Jose Luis VILLARES ("VILLARES"), and Keiner CICILIA RODRIGUEZ ("CICILIA RODRIGUEZ") because there is probable cause to believe SEDENO RODRIGUEZ, VILLARES, and CICILIA RODRIGUEZ did, knowing or in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, transported, or moved, or attempted to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

**PROBABLE CAUSE**

4. On January 17, 2025, at approximately 9:30AM, the Coral Gables Police Department ("CGPD") was alerted by a concerned citizen of a possible abduction witnessed near the Snapper Creek Lakes neighborhood located in Coral Gables, Florida. The concerned citizen approached a law enforcement officer in-person and reported that the concerned citizen saw a tan Toyota Corolla with Texas license plates parked close to a U-Haul van, and a man forcibly shoved a woman into the back seat of the Toyota Corolla. The concerned citizen showed law enforcement a cell phone video that the concerned citizen recorded of the man forcibly shoving a woman into the back seat of the Toyota Corolla.

2

5. As the concerned citizen was reporting the incident to a law enforcement officer, the Toyota Corolla and the U-Haul van drove past the concerned citizen and the law enforcement officer. Law enforcement issued a "be on the lookout" call for the two vehicles. Shortly afterwards, CGPD observed both of the vehicles still together and conducted a vehicle stop of both vehicles.

6. During the vehicle stop, law enforcement discovered a total of twenty-three (23) individuals inside the U-Haul van, including the driver, identified as VILLARES, a Cuban citizen. The remaining occupants inside the U-Haul van were identified as undocumented aliens who were citizens of China and Ecuador. Law enforcement discovered a total of five (5) individuals inside the Toyota Corolla, including the driver, identified as SEDENO RODRIGUEZ, a Cuban citizen. The individual in the front passenger seat was identified as CICILIA RODRIGUEZ, also a Cuban citizen. The remaining occupants inside the Toyota Corolla were identified as undocumented aliens who were citizens of Ecuador and Brazil, one of whom was later identified as the woman seen earlier by the concerned citizen getting shoved into the back seat of the Toyota Corolla.

7. Upon further inspection of the U-Haul van, cardboard boxes were affixed onto the inside of the rear windows of the vehicle so that the inside of the U-Haul van where the undocumented aliens were held was not visible from outside the U-Haul van. The U-Haul van also didn't have any seats affixed other than the front driver seat and the front passenger seat. Based on my training and experience, the circumstances surrounding this U-Haul van and its passengers—with the rear windows covered by cardboard and with a large number of undocumented aliens in the cargo space of the vehicle without any seats—is consistent with the tactics used by human smugglers to camouflage and smuggle migrants.

8. In the U-Haul van and the Toyota Corolla, none of the individuals law enforcement encountered had any large luggage with them, and the undocumented aliens only had with them

3

small personal effects such as jewelry, cell phones, chargers. None of these personal effects included the items traveling tourists on a trip would typically carry with them, such as sunscreen, cameras, or extra clothing for multiple days. Based on my training and experience, the absence of large luggage and items typically carried by traveling tourists is an indicator of migrant smuggling, rather than tourists being transported to a hotel or other accommodations.

9. During its investigation, HSI found that the Chinese, Ecuadorian, and Brazilian undocumented aliens inside the Toyota Corolla and the U-Haul van were involved in a maritime smuggling event and recently arrived by boat from the Bahamas. All of the individuals found inside the Toyota Corolla and the U-Haul van were taken into custody and transported to the Dania Beach Border Patrol Station in Dania Beach, Florida.

10. At the Border Patrol Station, law enforcement determined none of the individuals found inside the Toyota Corolla and the U-Haul van had the proper documentation or permission to enter or remain in the United States.

11. During a post-*Miranda* interview, SEDENO RODRIGUEZ stated he was approached in-person in Homestead, Florida, by an individual named "Miggy," who he knows to be involved in human smuggling from the Bahamas, to pick up undocumented aliens by vehicle and transport them to another location. An individual he knows as "Pito" was supposed to provide the destination location for the migrants. For this trip, SEDENO was to be paid $5,000 by "Pito."

12. During a post-*Miranda* interview, VILLARES stated that SEDENO RODRIGUEZ recruited VILLARES to assist in transporting undocumented aliens, and SEDENO RODRIGUEZ was going to pay VILLARES $500.00 for his help transporting the undocumented aliens. VILLARES also stated that CICILIA RODRIGUEZ rented the U-Haul van, and the plan for the

4

undocumented aliens was to pick them up, and then drop them off near a hardware store in Miami-Dade County, Florida.

13. During a post-*Miranda* interview, CICILIA RODRIGUEZ stated the Toyota Corolla belonged to him. He said he was approached by SEDENO RODRIGUEZ and told to rent the U-Haul van. CICILIA RODRIGUEZ also said that on the morning of January 17, 2025, he drove to the residence of SEDENO RODRIGUEZ, and from there, SEDENO RODRIGUEZ, VILLARES, and CICILIA RODRIGUEZ traveled to the pickup location of the undocumented aliens, with SEDENO RODRIGUEZ driving the Toyota Corolla, VILLARES driving the U-Haul van, and CICILIA RODRIGUEZ as a passenger in his Toyota Corolla.

14. During post-*Miranda* interviews, multiple migrants were able to identify SEDENO RODRIGUEZ, VILLARES, and CICILIA RODRIGUEZ as the smugglers who transported the migrants by vehicle once they arrived in the United States. Migrant "Y.Y" identified SEDENO RODRIGUEZ and VILLARES as the smugglers who transported them. Migrant "H.T" identified SEDENO RODRIGUEZ and CICILIA RODRIGUEZ as the smugglers who transported them. Migrant "O.P" identified SEDENO RODRIGUEZ, CICILIA RODRIGUEZ, and VILLARES as the smugglers who transported them. Migrant "Y.L" identified VILLARES as one of the smugglers who transported them. Migrant "E.C" identified SEDENO RODRIGUEZ, CICILIA RODRIGUEZ, and VILLARES as the smugglers who transported them. Migrant "E.C" stated SEDENO RODRIGUEZ was the smuggler who met with the migrants and directed some of them into the U-Haul van.

## CONCLUSION

15. Based on the foregoing facts, your affiant respectfully submits that there is probable cause to believe SEDENO RODRIGUEZ, VILLARES, and CICILIA RODRIGUEZ did, knowing

5

or in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, transported, or moved, or attempted to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
LUY TRAN
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS


Attested to by the Applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Face Time this  18      day of January, 2025.

_____
HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE